UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America**

    **v.**                                        Case No. 13-cv-213-PB
                                                     Opinion No. 2015 DNH 003

**Scott G. Baker and Robyn Baker**


**O R D E R**

Robyn Baker filed a motion to recover attorneys' fees as a prevailing defendant in this tax case.  See 26 U.S.C. § 7430.  The United States has responded by arguing that the motion should be denied because its decision to sue Baker was "substantially justified."

### I.  BACKGROUND

The United States brought this action in an effort to force the sale of property that Robyn Baker acquired from her ex-husband pursuant to a divorce decree.  The government's claim was based on tax liens it obtained against her ex-husband.  Although it is undisputed that the tax liens accrued after the effective date of Baker's divorce decree, the government nevertheless argued that the liens covered Baker's property because they accrued before a deed transferring the property was

recorded at the registry of deeds.  I rejected the government's legal theory in ruling on the parties' cross motions for summary judgment.  See United States v. Baker, 13-cv-213-PB, 2014 DNH 176.

## II.  ANALYSIS

The government's lien against a taxpayer for unpaid taxes extends to "all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321.  Construing this provision, the First Circuit held that property is not subject to a tax lien if the taxpayer relinquishes all interest in the property before the tax lien accrues.  United States v. V & E Eng'g & Constr. Co., 819 F.2d 331, 333 (1st Cir. 1987); see also United States v. Gibbons, 71 F.3d 1496, 1501 (10th Cir. 1995); Thomson v. United States, 66 F.3d 160, 162-63 (8th Cir. 1995); but see United States v. Creamer Indus., Inc., 349 F.2d 625 (5th Cir. 1965).  In reaching this conclusion, the First Circuit rejected the government's argument that a taxpayer retains an interest in transferred property that can be subject to a tax lien until the deed is recorded and the property is protected from claims of subsequent purchasers.  As the court noted:

> The government's argument amounts to asking that we construe the term "right to property" in Section 6321 as referring to the possibility that the seller might fraudulently convey the sold property to an innocent third party.  We cannot accept that Congress intended the term "right" to include the possibility that a party might engage in fraud.

V & E Eng'g & Constr. Co., 819 F.2d at 333.  The Tenth Circuit reached a similar conclusion when, in following the First Circuit's reasoning, it noted that the government stands in the shoes of the taxpayer rather than his creditors when it attempts to enforce a tax lien against transferred property.  Gibbons, 71 F.3d at 1501.

As I explained in my prior ruling granting Baker's motion for summary judgment, a divorce decree apportioning real estate among divorcing parties ordinarily occurs under New Hampshire law as soon as the decree becomes effective rather than when a deed reflecting the transfer is recorded.  See Mamalis v. Bornovas, 112 N.H. 423, 424, 428 (1972) (citing Swett v. Swett, 49 N.H. 264, 264 (1870)).  The failure to record a deed reflecting the transfer thus does not affect the validity of the transfer between the grantor and the grantee.  See N.H. Rev. Stat. Ann. § 477:7 (specifying that no conveyance of real estate "shall be valid to hold the same against any person <u>but the grantor and his heirs only</u>, unless such deed or lease be

acknowledged and recorded, according to the provisions of this chapter")(emphasis added).

Because the First Circuit has determined that the federal government cannot enforce a tax lien against property that the taxpayer has transferred before the lien accrued even if a deed reflecting the transfer has not been properly recorded, and New Hampshire law provides that a transfer of property pursuant to a divorce decree occurs as soon as the divorce decree becomes effective, it should have been obvious to the government that its tax liens against Baker's ex-husband cannot apply to her property because the decree transferring the property became effective before the tax liens accrued.  In short, because Baker's ex-husband had no interest in the property when the tax liens accrued, the liens simply do not cover the property.

The government's contention that its litigation position was substantially justified is based on an untenable reading of First Circuit precedent and New Hampshire law.  Accordingly, I agree that Baker is entitled to recover her reasonable attorneys' fees.[1]

---

[1]  I decline to address the government's argument that the fee request is excessive and insufficiently supported.  Instead, I direct the parties to meet and confer in an effort to resolve this issue by agreement.  If an agreement cannot be reached within 30 days, the defendant may renew her motion and the

4

### III. <u>CONCLUSION</u>

Baker's motion for fees (Doc. No. 40) is granted to the extent that it seeks an award of reasonable fees.  In all other respects, the motion is denied without prejudice.

SO ORDERED.

                                        <u>/s/Paul Barbadoro</u>
                                        Paul Barbadoro
                                        United States District Judge

January 8, 2015

cc:   Michael R. Pahl, Esq.
      Jeffrey J. Cymrot, Esq.
      Anthony M. Ambriano, Esq.
      D. Sean McMahon, Esq.
      Terri L. Pastori, Esq.

---

matter will be referred to the magistrate judge for resolution.